JOHN PRELVITZ v. MINNESOTA TRANSFER COMPANY.[1]

May 26, 1916.

Nos. 19,661—(79).

**Carrier — injury to live stock — verdict not supported by evidence.**
The evidence in this case does not sustain the verdict.

Action in the district court for Dakota county against the Chicago

[1]Reported in 157 N. W. 1079.

Note.—On the question of evidence of negligence of carrier for injury to livestock during transportation, see note in 17 L.R.A. 339.

Great Western Railway Company, Minnesota Transfer Railway Company and the Minneapolis, St. Paul & Sault Ste. Marie Railway Company. The action was subsequently dismissed against the last named company. The case was tried before Johnson, J., and a jury which returned a verdict against defendant transfer company for $275. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*W. H. Norris* and *Nelson J. Wilcox,* for appellant.
*David L. Grannis,* for respondent.


BUNN, J.

This action was brought against the three defendants to recover damages to a carload of horses shipped by plaintiff from Stewartville, in Olmsted county, to Palisade, Minnesota. Each defendant was charged with negligent handling of the horses in transit and with delay.    A trial of the case in May, 1914, resulted in a verdict of $350 against the Chicago Great Western Railroad Company, and of $150 against the Minnesota Transfer Company, but no verdict was rendered against the defendant "Soo" Company. This verdict was set aside and a new trial granted. On the new trial in May, 1915, the case was conducted throughout as against the Minnesota Transfer Company only, and a verdict was rendered against that company for $275. A motion in the alternative for judgment notwithstanding the verdict or for a new trial was denied by the trial court, and defendant Minnesota Transfer Company brings the case here for review on an appeal from this order.

The horses were transported from Stewartville to the Minnesota Transfer by the Chicago Great Western Railroad Company, and from the Transfer to Palisade by the Soo Company. All question of delay in transit was eliminated by the trial court, and the case went to the jury on the one question of whether there was negligent rough handling of the car in which the horses were while it was in charge of the Transfer Company in its yards. There was evidence that the horses arrived at the Transfer in good condition, evidence of a bump while the car was being switched in the Transfer yards, and that one of the horses was shortly after discovered on its back with a foot caught between the slats on the side of the car. The horses were then unloaded, the injured animal was left behind,

and the rest of the stock was reloaded and afterwards transferred to the Soo line and carried to Palisade.

The amount involved is not large, but we find ourselves unable to accede to the proposition that the evidence justifies the verdict. There are many assignments of error in the rulings of the trial court during the trial, but it is unnecessary to consider them. A careful examination of the record convinces us that there is no evidence of any injury to the horses before the car was delivered to the Soo Company, except to the one horse mentioned. It is doubtful if the verdict could be sustained if it included only the damages to this animal, as the testimony of rough handling is confined to the evidence of the man who accompanied the shipment, and was riding in an emigrant car next to the stock car, to the effect that there was a bump or jolt which caused a lantern to sway, the door of the emigrant car to open on its rollers, but did not cause the witness to fall, although he was standing. But there is no testimony whatever that any of the other horses that are claimed to have arrived at Palisade in bad condition received any injuries while they were in the Transfer Company's yards. The evidence, if it shows anything in this regard, warrants the inference that these horses were uninjured when they were turned over to the Soo Company. The court instructed the jury that, to warrant a verdict for plaintiff, the jury must find that the horses were injured while being transported by defendant Transfer Company over its line. This was correct, as the initial carrier and the final carrier were not in the case. The trouble is not with the law, but in the absence of evidence to prove that any of the horses, except one, was injured while being transported by this defendant. As the verdict is very much in excess of the extent of the damage to the horse that was injured and left in the Transfer yards, it cannot stand. In view of the grave doubt whether a recovery even as to this one animal is justified, we think there should be a new trial, rather than a reduction of the verdict. But it is not a case for final judgment.

Order reversed and new trial granted.

Schaller, J., took no part.